F I L E D
United States Court of Appeals
Tenth Circuit

JUN 4 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JAMES WARD,

      Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT
OF LABOR,

      Respondent,

ENERGY WEST MINING
COMPANY,

      Intervenor.

No. 97-9555
(No. 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)
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Petitioner filed for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-45 (1986 & Supp. 1996), on August 20, 1992, alleging total disability because of pneumoconiosis arising out of coal mine employment.  This application is petitioner's third duplicate claim under the Act, and his fourth application overall.[1]  The Benefits Review Board (Board) found substantial evidence in the record to support the ALJ's decision that petitioner had not established the existence of pneumoconiosis, and it affirmed.

We review the Board's order to determine whether it correctly concluded that the ALJ's decision to deny benefits was supported by substantial evidence and was not contrary to law.  See Northern Coal Co. v. Director, OWCP, 100 F.3d 871, 873 (10th Cir. 1996).  "Substantial evidence is such relevant evidence as a

---

[1]     The Administrative Law Judge (ALJ) found that there had been a material change in conditions, so as to preclude a denial of this claim based on the denials of petitioner's previous claims.  See 20 C.F.R. § 725.309(d).  After the ALJ issued his decision in this case, this court clarified the standard for determining whether there had been a material change in conditions.  Wyoming Fuel Co. v Director, OWCP, 90 F.3d 1502, 1511 (10th Cir. 1996).  The ALJ in this case applied the wrong law in finding a material change in conditions, but, in light of the fact that he denied benefits, that error was harmless.

reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). Guided by these standards on review, we affirm.

The circumstances under which a petitioner can establish the existence of pneumoconiosis are set forth in 20 C.F.R. § 718.202(a). Subsections (1), (2), and (3) of that section are not relevant to this case. Petitioner argues that he has established the existence of pneumoconiosis under § 718.202(a)(4), which provides:

> (4) A determination of the existence of pneumoconiosis may also be made if a physician, exercising sound medical judgment, notwithstanding a negative X-ray, finds that the miner suffers or suffered from pneumoconiosis as defined in § 718.201. Any such finding shall be based on objective medical evidence such as blood-gas studies, electrocardiograms, pulmonary function studies, physical performance tests, physical examination, and medical and work histories. Such a finding shall be supported by a reasoned medical opinion.

The ALJ relied on the opinions of Drs. Repsher and Farney, both of whom are experts in the pulmonary field, in finding that petitioner failed to establish that he suffered from pneumoconiosis. In reaching his decision, the ALJ rejected the diagnoses of pneumoconiosis by Drs. King and Lincoln.

This is a case of conflicting medical opinions, and it is within the province of the ALJ to weigh conflicting medical evidence, see Northern Coal Co., 100 F.3d at 873. "[W]here medical professionals are in disagreement, the trier of fact is in a unique position to determine credibility and weigh the evidence." Hansen

v. Director, OWCP, 984 F.2d 364, 370 (10th Cir. 1993).  It is apparent from the detailed analysis set forth in the ALJ's opinion that the ALJ carefully weighed the conflicting evidence, and his reasons for favoring the opinions of Drs. Repsher and Farney are well-reasoned and substantiated.  We have reviewed the record, and it contains substantial evidence to support the ALJ's decision.  The petition for review is DENIED.

Entered for the Court


Bobby R. Baldock
Circuit Judge